IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO.   3:24-00040

MICHAEL ALLEN KENNEY

**MEMORANDUM OPINION & ORDER**

Pending is Defendant's Motion for Judgment of Acquittal (Def.'s Mot.). ECF No. 127. For the reasons that follow, Defendant's motion is **DENIED**.

**BACKGROUND**

Defendant Michael Allen Kenney was charged with knowingly possessing a firearm while he knew he had been convicted of three crimes, each of which was punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 992(g)(1) and 924(a)(8). ECF No. 1. The Indictment charged Defendant with possessing a Ruger, Model EC9s, 9mm-caliber pistol on or about May 17, 2023, at or near Poca, Putnam County, West Virginia. *Id.*

Defendant's jury trial occurred on November 5, 2024. ECF No. 112. The Government presented evidence that officers from the Putnam County, West Virginia Sheriff's Office responded to a call at Max's Place, a gambling parlor in Poca, West Virginia. These officers were Jarrett Bailey, Gregory Scragg, and Anthony Adkins. Each testified. ECF No. 122. Bailey testified that he saw Defendant take a gun from the waistband of his shorts. Scragg testified that he did not see the gun in Defendant's hand. However, Scragg testified that he heard something thump on the counter near Defendant as Bailey grabbed Defendant, and then Scraggs saw the gun on the counter.

Adkins testified that he arrived on the scene later in the night, took custody of the gun, and test-fired the gun.

The Government read aloud three joint stipulations. The first joint stipulation provided that Defendant was previously convicted of a felony offense, that Defendant knew that he had been convicted of a felony offense at the time of the charged offense, and that Defendant had not had his civil right to possess a firearm restored or received a pardon. ECF No. 117. The second joint stipulation provided that the gun referenced in the Indictment was manufactured outside of West Virginia, travelled in and affected interstate commerce, and was a firearm as defined by 18 U.S.C. § 921(a)(3). ECF No. 118. The third joint stipulation provided for the authenticity of recordings of surveillance videos shown during trial. ECF No. 119. The Court took judicial notice of the fact that Poca is in Putnam County, West Virginia and is in the Southern District of West Virginia. ECF No. 112. The gun, two surveillance videos showing officers grab the Defendant and find the gun, and several photographs taken at the scene were admitted into evidence. ECF No. 123.

The Court instructed the jury that to sustain its burden of proof in connection with Count One of the Indictment, the Government must prove the following four essential elements beyond a reasonable doubt: (1) that the defendant had previously been convicted in a court of a crime punishable by imprisonment for more than one year; (2) that the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for more than one year; (3) that the defendant thereafter knowingly possessed the firearm described in the indictment; and (4) that the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce at some point during its existence.

The jury deliberated on November 5 and November 6. On November 6, 2024, the jury returned a guilty verdict. ECF No. 115.

## STANDARD

Federal Rule of Criminal Procedure 29(c) permits a district court to enter a judgment of acquittal after a jury has returned a guilty verdict. A court must "sustain a guilty verdict if — viewing the evidence in the light most favorable to the prosecution — the verdict is supported by substantial evidence." *United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023) (internal citations and quotation marks omitted). The court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Millender*, 970 F.3d 523, 528 (4th Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

"A defendant contending that there was insufficient evidence to support his guilty verdict 'must overcome a heavy burden.'" *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021) (quoting *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017)). "[A] judgment of acquittal is appropriate when the evidence is so deficient that acquittal is 'the *only* proper verdict.'" *United States v. Rafiekian*, 68 F.4th 177, 186 (4th Cir. 2023) (quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982)). The court does not "weigh the evidence or review the credibility of witnesses." *United States v. Arrington*, 719 F.2d 701, 704 (4th Cir. 1983). The court "must assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

## DISCUSSION

At trial, Defendant contested only one of the four elements of the charged crime: that he knowingly possessed the firearm described in the indictment. He stipulated to three of the four elements of the charge. Now, Defendant moves for a judgment of acquittal on the grounds that the Government did not prove that he possessed the gun when officers confronted him at Max's

Place. Instead, he argues, the Government "presented evidence that *maybe* he possessed the gun" and it could be that the gun was left by a previous patron or another guest present at Max's Place during the confrontation. Def.'s Mot. ¶ 3. Defendant argues: "The only 'evidence' of Defendant's possession came from one deputy testifying he saw the Defendant pull the gun from his shorts, testimony that was not supported by video evidence." *Id.* ¶ 5.

The Government's witness, Jarrett Bailey, testified that he saw Defendant take a gun out of his waistband. The Fourth Circuit "[has] found the uncorroborated testimony of one witness to be sufficient evidence to sustain a conviction." *United States v. Barronette*, 46 F.4th 177, 205 (4th Cir. 2022) (collecting cases). Here, there is corroborating evidence, including Scragg's testimony and the surveillance footage.

The surveillance footage shows the confrontation between Defendant and law enforcement. It does not provide a clear view of Defendant's hands and waistband at the moment that Bailey says Defendant took the gun from his shorts. Defendant asks the Court to discount Bailey's testimony because it "was not supported by video evidence." Def.'s Mot. ¶ 5. But video evidence of Defendant holding the gun is not required. *See, e.g., United States v. Moody*, 2 F.4th 180, 190 (4th Cir. 2021) ("[Defendant]'s . . . focus on the types of evidence missing from the government's presentation ignores what the government did present here: other evidence on which the jury could have reasonably relied in convicting [defendant]."); *United States v. Bolling*, No. CR 2:21-00087, 2023 WL 4875737, at *4 (S.D.W. Va. July 31, 2023) ("[T]he fact that the government did not have [video] evidence to offer does not mean that a reasonable trier of fact could not have found [defendant] guilty beyond a reasonable doubt based on the evidence that was presented.").

The Court cannot make its own determination of Bailey's credibility and must assume the jury resolved all contradictions in the evidence in favor of the Government. *United Med. & Surgical Supply Corp.*, 989 F.2d at 1402. Defendant's argument for a judgment of acquittal is that the Court should discount Bailey's testimony because it "was not supported by video evidence." Def.'s Mot. ¶ 5. But the Court "is bound by the credibility choices of the jury." *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989) (internal quotation marks omitted). Accordingly, Defendant's motion must be denied.

## CONCLUSION

Defendant's Motion for Judgment of Acquittal, ECF No. 127, is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Office.

ENTER: December 9, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE